IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
US DISTRICT COURT
2006 JUL 10 P 3: 04
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

| | |
|---|---|
| RONG KAN,<br><br>    Plaintiff,<br><br>v.<br><br>IMMIGRATION AND NATURALIZATION SERVICE,<br><br>    Defendant. | Case No. 2:06-CV-400 TC<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Before the Court is a Motion to Dismiss filed by Defendant, the Immigration and Naturalization Service (hereafter referred to as "INS"). Defendant seeks to have dismissed the Petition for a Writ of Habeas Corpus filed by pro se Plaintiff, Rong Kan. (Document #6.) Having reviewed Defendant's Motion to Dismiss and the court record, the Court recommends that Defendant's Motion to Dismiss be granted because the Court lacks jurisdiction over this case.

**BACKGROUND**

Plaintiff, who is proceeding *in forma pauperis*, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, on May 15, 2006, and the case was assigned to United States District Judge Bruce S. Jenkins. (Documents #1-3.) Judge

Jenkins recused himself from the case on May 17, 2006, and the case was reassigned to United States District Judge Tena Campbell.  (Document #5.)  Defendant filed the Motion to Dismiss, along with a supporting memorandum, on June 6, 2006.  (Documents #6, 7.)  Plaintiff has not responded to Defendant's Motion to Dismiss.  On June 16, 2006, Judge Campbell referred the case to United States Magistrate Judge Samuel Alba, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Document #8.)

**ANALYSIS**

Plaintiff's Petition for a Writ of Habeas Corpus challenges the April 8, 2005 Order of Removal issued by Defendant.  Plaintiff is being detained at the Utah State Prison in Gunnison, Utah.  (Document #3, at 1.)  Plaintiff makes the following three main arguments in support of his Petition: (1) he is entitled to permanent resident status because he has children that are United States citizens; (2) the way the federal government is classifying his state crimes violates his due process and equal protection rights; and (3) he received ineffective assistance of counsel in his immigration proceedings.  Defendant argues, in its Motion to Dismiss, that the Court lacks jurisdiction in this matter.

On May 11, 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 petitions attacking removal orders."  *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir.

2

2005), *cert. denied*, 126 S. Ct. 1055 (2006); *see also Tostado v. Carlson*, 437 F.3d 706, 708 (8th Cir. 2006); 8 U.S.C. § 1252(b)(2), (g). Under Section 106 of the REAL ID Act, the sole and exclusive avenue for such challenges is through "'a petition for review filed with an appropriate court of appeals.'" *Rosales*, 426 F.3d at 736 (quoting 119 Stat. 231, § 106).

Even though the order of removal entered against Plaintiff predated the passage of the REAL ID Act, the provisions of that Act apply to Plaintiff's Petition. "By its express terms, the Act is retroactive and applies to cases 'in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after' the date of enactment." *Gittens v. Menifee*, 428 F.3d 382, 384-85 (2d Cir. 2005) (citing 119 Stat. 231, § 106(b)).

The REAL ID Act provides that the district court shall transfer to the court of appeals any case challenging a final administrative order of removal that was "pending in a district court" on the May 11, 2005 effective date; however, there is no similar provision for cases, such as the instant case, erroneously filed in district court after the May 11 effective date. *See Flores-Diaz v. United States*, 2:05-CV-710 TS, 2005 WL 2456983, at *2, n.7 (D. Utah Oct. 5, 2005). As a result, this Court does not have the authority to transfer this case to the appropriate court of appeals.

Instead, because Plaintiff seeks judicial review of a final order of removal, this Court lacks jurisdiction to review the merits of the Petition or to stay the order of removal, and must dismiss this case. See Flores-Diaz, 2005 WL 2456983, at *1, 2. Plaintiff must immediately re-file his Petition with the appropriate circuit court of appeals to have his petition for review considered. In addition, any request for a stay of removal must be made directly to the appropriate court of appeals.

### RECOMMENDATION

Based on the above analysis, the Court concludes that it lacks jurisdiction over Plaintiff's Petition for a Writ of Habeas Corpus, which challenges the INS Order of Removal. As a result, the Court recommends that Defendant's Motion to Dismiss (Document #6) be **GRANTED** and that this action be **DISMISSED** without prejudice to it being re-filed in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. See 8 U.S.C. § 1252(b)(2).

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file

objections may constitute a waiver of those objections on subsequent appellate review.

DATED this __10th__ day of July, 2006.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge